Henry W. Lengyel, J.
Claimant has moved under rule 25a of the Buies of the Court of Claims for permission to file a supplemental appraisal. Its original appraisal was filed on December 14, 1967 and the State’s appraisal was filed subsequent thereto. The appraisals were exchanged on August 12, 1968. This motion is dated September 18, 1968 so that it is within the time limit set forth in subdivision 3 of rule 25a of the Buies of the Court of Claims which reads as follows: “ 3. Within sixty (60) days after such exchange of appraisals a party may move for permission to file and serve an amended or supplemental appraisal, which may be granted in the Court’s discretion provided such motion is limited to correcting errors or to adding matter pertinent to the main appraisal.”
The State, on oral argument, indicated that it had no objection to a supplemental or amended appraisal being filed to correct the mathematical errors which/claimant’s appraiser has discovered in his appraisal. The State, however, objects to the additional matter contained within said appraisal, contending that such matter is in essence a/rebuttal of the appraisal position presented in the State’s appraisal.
After examining the proposed supplemental appraisal and evaluating the oral argument, we conclude that claimant’s proposed supplemental appraisal is/basically a rebuttal of the State’s appraisal position. Such is not permitted nor contemplated by said rule 25a. If,yat the trial, the claimant determines it should rebut the Stare’s appraisal position, it may do so either on its direct ca/e in anticipation of the position which the State has established in its filed appraisal; or, on its rebuttal case after the/State has presented its evidence at the trial. Obviously, it would present an impossible situation *377 to require that rebuttal evidence be set forth in a filed appraisal. Furthermore, if we permitted supplemental appraisals to be filed for the purpose of setting forth rebuttal evidence after the exchange of the original appraisals, we could find ourselves on a never ending treadmill which would negate the intended effect of said rule 25a.
Claimant’s motion is granted to permit the filing of an amended appraisal to correct the mathematical errors discovered in its original appraisal. In all other respects, said motion is denied.